CHAS. RAMSEY *v.* NUSOM PACE ET AL.

**Lis Pendens—Vendor's Lien—Dismissal of Action.**

The dismissal of an action to enforce a vendor's lien, because of want of prosecution, can not be regarded as a lis pendens, unless it contains facts affecting the rights of other parties, and in that event notice must be brought directly home to the party to be affected by it.

APPEAL FROM FRANKLIN CIRCUIT COURT.

December 12, 1873.

Opinion by Judge Pryor:

The allegations contained in both the original and amended petitions, if true, would not authorize a judgment against the appellee, Allison. The original petition contains statements from which might be implied the existence of a secret trust between James Pace and his brother, Nusom Pace, by reason of the deed executed by James to Nusom, in December, 1853; but there is no allegation of any notice of this trust on the part of Allison, who seems to have been a vendee of the land from the vendee of Nusom; and in the absence of such an allegation and proof he is an innocent purchaser and must hold it. The plain effect of the original petition, however, is to cancel the deed, because the conveyance was made by James to Nusom Pace for the purpose of defrauding the former's creditors. Conceding this to be so, neither James Pace nor his heirs, as has been settled by the repeated adjudication of this court, can disturb the conveyance. The amended petition changes the character of the complaint by alleging that although the original conveyance was fraudulent, Nusom Pace afterwards executed his note for four hundred dollars for the land, and for this, a lien is attempted to be asserted on that portion of it in the possession of the vendee, Allison.

The administrator of Pace, and perhaps others, had years since attempted to enforce this lien for the purchase money, but the action was dismissed for the want of prosecution. Actions thus dismissed cannot be regarded as *lis pendens* unless they contain facts affecting the rights of third parties; and then notice must be brought directly home to the party to be affected by it. In such cases the notice would be as effective without it as with it. If these actions had never been dismissed, and Pace or his administrator was still asserting his lien, it could not affect the rights of Allison, for the reason that no lien exists under our statute unless retained in the deed passing the title. In this case, there is no notice alleged and certainly none proven, showing knowledge, on the part of Allison, of the execution of the recent trust, prior to his pur-

chase; and no lien exists for the purchase money, as the deed on its face acknowledges payment in full of the consideration.

Judgment affirmed.

*Scott, for appellant.*

*Lindsey, for appellees.*

